IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Calvin Roach,

    Plaintiff,

v.

United States, *et al.*,

    Defendants.

Case No: 2:20-cv-4905

Judge Graham

Chief Magistrate Judge Deavers

<u>Opinion and Order</u>

    Plaintiff Calvin Roach, proceeding *pro se*, brings this action under 42 U.S.C.§ 1983 against the United States and certain officials whom he identifies as the U.S. Marshals Service Director, the Sergeants at Arms of the U.S. Senate and the U.S. House of Representatives, and the Director of the Federal Bureau of Investigation.

    Plaintiff alleges that defendants have unlawfully failed to arrest certain federal officials who allegedly committed crimes against the United States. For example, plaintiff asserts that defendants should have arrested President Donald Trump and Vice President Michael Pence for "committing biological warfare" against the U.S. by not taking certain measures to prevent the spread of COVID-19. Plaintiff asserts that defendants should have arrested Senators Mitch McConnell and Lindsey Graham for conspiring against the U.S. insofar as they exhibited bias during the impeachment trial of President Trump.

    This matter is before the court on defendants' motion under Fed. R. Civ. P. 12(b)(1) and (6) to dismiss the complaint. The motion is granted.

    The United States and the individual defendants, whom plaintiff does not purport to sue in their individual capacities, are immune from suit. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("[T]he United States may not be sued without its consent . . . . Sovereign immunity extends to agencies of the United States or federal officers [acting] in their official capacities.") (internal quotation marks omitted).

    "A waiver of sovereign immunity may not be implied and exists only when Congress has expressly waived immunity by statute." *Id.* Section 1983 is a statute which applies to state actors,

not the United States or federal officials, *see Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016), and therefore it cannot constitute an express waiver of federal sovereign immunity.

The court further finds that plaintiff has not established standing.  Standing requires: (1) an "injury in fact – a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical"; (2) "causation – a  fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) "redressability – a  likelihood that the requested relief will redress the alleged injury."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03 (1998).  The complaint, which alleges generalized grievances against the government for which plaintiff suffered the alleged harm of spending many hours preparing this lawsuit, contains no allegations that would satisfy the requirements of standing.  *See Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013).

Accordingly, defendants' motion to dismiss (doc. 4) is granted and this action is dismissed.

    s/ James L. Graham
    JAMES L. GRAHAM
    United States District Judge

DATE: December 21, 2020